# United States District Court
# District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Action |
| ) | No. 04-1800-CBS |
| v. ) | |
| ) | |
| JONATHAN MATOS, ) | |
| DEFENDANT, ) | |

# Memorandum in Support of Motion to Appeal

## I.   STATEMENT OF THE CASE

On June 29, 2004 a consolidated probable cause detention hearing was conducted before Magistrate Judge Charles B. Swartwood, III, involving co-defendant's Jonathan Matos and Ramon Diaz. He concluded that although Mr. Matos was not likely to flea the jurisdiction, he did pose a danger to the community and should be detained.

The defendant has appealed this decision.

## II   INTRODUCTION

Under the Bail Reform Act (18 USC §3142) a judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 §3142 (f), the judicial officer determines that "no condition or combination of conditions set forth in 18 USC §3142 (b) or (e) will reasonably assure the appearance of the person as required and the safety of any other person and the community (18 USC §3142 (e)). The defendant states that he is not a danger to any person or the community; and even if the Court found he posed a danger to the community conditions could be set forth to eliminate that danger.

## III   FINDING OF FACTS

*Flight:* Magistrate Judge Swartwood concluded that Mr. Matos posed no risk of flight. He concluded that "Mr. Matos has no record of defaults and has substantial ties to

the New Bedford area. Additionally, Mr. Matos has self-surrendered in this case and has previously been released by the state court in connection with these offenses. Therefore, I can not find by a preponderance of the evidence that Mr. Matos poses a risk of flight and therefore, decline to detain him on this ground."

*Danger to the community:* The Magistrate Judge determined that Mr. Matos posed a danger to the community based on the following facts:

(1) The defendant had been under surveillance for three or four months and he appeared to be involved in drug sales.
(2) The defendant had hidden cameras at his residence.
(3) The Mazda Millennium automobile in which the defendant was a passenger had a hidden compartment which contained 17.3 gram of cocaine and a handgun.
(4) When the police stopped the car, a roll of cash was observed on the console.

## IV    DEFENDANT'S CHALLENGE TO THE MAGISTRATE JUDGE'S FINDING

..."In our society liberty is the norm, and detention prior to trial or without a trial is the carefully limited exception" *U.S. v. Salerno*, 481 U.S. 739, 747, 107 S.Ct. 2095, 90 2.Ed.2nd697 (1987).

Mr. Matos had already established that he no longer posed a danger to any one person or the community, prior to his arrest by the Federal Authorities. Mr. Matos had been arrested on February 26, 2004 by the New Bedford Police for state offenses, similar to the Federal offenses charged. The defendant was released on $15,000.00 cash bail an no special conditions. For over four months the defendant conducted himself in an acceptable and appropriate fashion which poised no danger to the community. He was not involved in the sale of drugs or in possession of a firearm. Instead, he worked hard at his three (3) year old business, an auto detailing shop, continued to support his girlfriend and their four month old child was and contributing to the payment of his attorney for his defense and assisting his attorney in that defense.

Mr. Matos challenges the finding by the Magistrate Judge:

(1) The cameras installed at the defendant's home were installed after he had been arrested and were installed in conjunction with the birth of his new child. They were no way connected to drug sales alleged by the police. (Witness can be made available to support this position).
(2) The only direct evidence of drug sales by Mr. Matos was one small quantity sale to a confidential informant over a six weeks before his arrest (the week of January 3, 2004 - he was arrested February 26, 2004). The four month long surveillance by the police of Mr. Matos never revealed

that he was in possession of any gun. The confidential informant did not state that she saw a gun in the defendant's possession. It was never established that he threatened anyone with a gun or that he even possessed a gun. The only time a gun was connected to Mr. Matos was on the day of his arrest. The gun was found in a hidden compartment of a car driven by the co-defendant and owned by another.

(3) The defendant, Mr. Matos was not operating the car in which the drugs and gun were found.

(4) The defendant was not the registered owner of the car in which the drugs and gun were found.

(5) The Magistrate found that five separate autos were observed during the course of the police surveillance. The Magistrate Judge failed to mention that the Mazda in which the defendants were riding was only seen one time in connection with the four (4) month police surveillance alleging drug activity. There was little or no link of this auto to the extended surveillance.

(6) The defendant has no record of violence of any kind, in fact, the defendant has no criminal convictions at all.

(7) At best the Government might argue that selling drugs is dangerous to the community; however, there is no evidence that the apparent narcotic sales involved sales to children or sales within or near a school yard or park. No evidence was presented that the drug sales were forced on any buyer; the alleged buyer's were adults and the buyer's would have also been engaged in criminal activity.

(8) Mr. Matos was not involved in drugs or handguns for four months since his arrest by state authorities. The Federal agents have no reason now to claim he is a danger to society.

## V  FACTORS THIS COURT SHOULD CONSIDER UPON RELEASING THIS DEFENDANT

(1) *Nature and Circumstances of the offense* - The gun offense is a crime of violence; however, the gun was never used or observed by the police until the day of the arrest.

(2) *Weight of the evidence* - The police had **no** probable cause to stop the green Mazda Millennium on the day of the defendant's arrest. The police had an informant who allegedly purchased cocaine from my client six weeks before the stop. There was no other direct evidence of sales.

The police had no cause or specific facts to believe that drugs were in the car at the time of the stop. At best they had information from their

informant that the defendant purchased his cocaine in "Providence, Rhode Island" (not simply Rhode Island as described by the Magistrate Judge - the police report says Providence). The police followed the vehicle to Cranston, Rhode Island, not Providence. They did not see a drug transaction or a transfer of anything.

They stopped the car upon its return to New Bedford. The vehicle was stopped for the sole purpose of looking for drugs. There was not a stop for a motor vehicle violation.

The attack launched by the defense at the detention hearing revealed that the events described as possible drug transactions, during police surveillance, were only possibilities. No hard evidence of any drug transaction was described. No drugs were seen or seized by the police until the day of the arrest.

The defendant is now in the position where he can not aid in his defense, particularly as it relates to the illegal surveillance activity of the police. Only he can identify and locate people he was with during any police surveillance.

(3) *History and characteristics of the defendant*
    a. Character - the defendant is twenty (20) years old, he lives with is girlfriend in their own townhouse apartment with their six month old daughter. He owns and operates his own auto detailing business.
    b. Physical and Mental condition - good.
    c. Length of residence in community - nine (9) years. He moved to New Bedford from Puerto Rico at age eleven (11).
    d. Community ties - his mother, step-father, brother, sister and extended family all live in the New Bedford area. His father is in New York State.
    e. Past conduct - good, no criminal convictions. Good history of past employment before starting his own business.
    f. History of drug and alcohol - none.
    g. Record of Court Appearances - no defaults.
    h. Prior release - the defendant was previously released back into the community from State Court based on the identical facts presented in Federal Court.

(4) *Nature of seriousness of danger to the community* - The defendant has been in the community and has conducted himself appropriately since his arrest four months ago. The seriousness of the charges and arrest has caused the defendant to seriously consider his actions, the consequences of

        his action and with who he associates. He has taken the matter seriously, has retained counsel and was aiding in his own defense until detained by Federal authorities.

VI    The defendant presented to the Magistrate Judge a combination of conditions which would have assured the defendant's appearance and assured the safety of the community. The defendant suggested:

1. Cash bail of $10,000.00
2. Curfew of 10:00 p.m.
3. Regular reporting to probation officer.
4. Maintain employment.
5. Restrict the defendant to Massachusetts.
6. No possession of firearms.
7. Refrain from illicit drugs and excessive alcohol.

Therefore the defendant requests that the Court release Mr. Matos pending trial.

                                        Respectfully submitted,
                                        Jonathan Matos
                                        By his Attorney,

                                        John E. DeVito, Esquire
                                        20 Eastbrook Road Suite 304
                                        Dedham, MA   02026
                                        (781) 326-1818

Dated:      August 6, 2004                  BBO # 122420