# United States District Court
# District of Massachusetts

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action |
| | ) | No. 04-10237-NG |
| v. | ) | |
| | ) | |
| JONATHAN MATOS, | ) | |
| Defendant, | ) | |

## Motion to Sever

The defendant, Jonathan Matos, moves that this Court, pursuant to Fed.R.Crim.Proc., Rule 14, to sever his case from that of his co-defendant, Roman Dias, who is charged with identical crimes.  See docket number 04-10237-NG.

1. The government established probable cause to arrest the defendant, Jonathan Matos based on the sale of cocaine to a confidential informant from the defendant, Matos.  That confidential informant shall not be called as a witness for the government.  The government refuses to disclose that witness and as such Matos shall not have the right to confront or cross examine that witness.  The defendant, Matos would object at trial, to any reference to that controlled buy.

2. The co-defendant, Roman Diaz, wishes to cross-examine and reference the observations of the police officer relative to the controlled buy, referenced in paragraph one.  He would seek to offer and introduce into evidence, the cocaine purchased thereby implicating Matos to the above referenced charges and exonerating himself.

3. The defendant, Matos incorporates by reference the transcripts from the motion to suppress hearing. That hearing is reflective of the fact; (1) that surveillance by the police revealed nothing regarding the purchase or sale of drugs; (2) that phone records produced no evidence of drug transactions; (3) that the defendant had multiple vehicles and multiple homes was not conclusive of drug dealing; and, (4) that the only event which provided cause for the arrest of either defendant and tie the defendants to the sale of the drugs was the controlled buy from the informant.

4. Statements made after the arrest by both the defendant and co-defendant were inconsistent.  The defendant, Matos, wishes to exclude any statements made by Diaz from trial.  Said statements would not be excluded if the matters are tried together.

    5.    Counsel for the co-defendant, Diaz, has indicated that he shall reserve the right to call his client as a witness at trial.  If he does call his client, Diaz shall exculpate himself, and inculpate the defendant, Matos.

    6.    The defendant, Matos is prejudice: (1) if reference is made to a controlled buy, he will be denied his right to confrontation pursuant to the 6th Amendment and the 14th Amendment of the U.S. Constitution; (2) if any hearsay statements are introduced from the co-defendant; and (3) if the co-defendant testifies it will cause the defendant, Matos to confront not only hostile witnesses presented by the government, but also hostile witnesses presented by his co-defendant.  As reasons therefore, the defendant asserts that his defense is mutually antagonistic to that of the co-defendant, Diaz.

Wherefore, the defendant, Matos requests that the trials of the two co-defendants be severed. (see: *U.S. v. Crawford,* 581 F.2d 489 (5th Cir. 1978);   *U.S. v. Johnson*, 478 F. 2d 1129 (5th Cir. 1973).

Respectfully submitted,
Jonathan Matos
By his Attorney,

/s/ John E. DeVito
John E. DeVito, Esquire
20 Eastbrook Road Suite 304
Dedham, MA   02026
781-326-1818
BBO # 122420

Dated:   March 23, 2006