# United States District Court
# District of Massachusetts

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action |
| | ) | No. 04-10237 |
| v. | ) | |
| | ) | |
| JONATHAN MATOS, | ) | |
| DEFENDANT, | ) | |

## Memorandum in Support of Motion to Sever

**FACTS:**

As a result of information from a confidential informant the New Bedford Police Department Drug Task Force began an investigation of Jonathan Matos and Ramon Diaz. The police believed that Matos and Diaz were selling cocaine in the New Bedford area. With the assistance of a confidential informant, arrangements were allegedly made for a controlled buy from Matos to the confidential informant during the first week of January in 2004. The police investigation continued thereafter with an examination of phone records of Matos and of surveillance of Matos and Diaz. Although little was uncovered from the phone records or from the surveillance, on February 28, 2004, after receiving a call from their confidential informant that he or she had just purchased cocaine from the Defendant Matos, the police made a decision to stop the motor vehicle occupied by the Defendants. The probable cause for the stop was based on the fact that Matos allegedly sold cocaine to the informant in January of 2004. As a result of that stop the police uncovered about 17 grams of cocaine and a handgun in a "hide", or secret compartment, in the motor vehicle.
Since the arrest the government has decided that it will not file charges against the defendant Matos regarding the sale of cocaine to the informant and will not disclose the name of the confidential informant as a witness in this case.

**ISSUE:**

The cases of the co-defendants should be severed because the defendants have antagonistic defenses.

**LAW:**

Federal Rules of Criminal Procedure, Rule 14, allows a District Judge to sever trials of co-defendants "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgement about guilt or innocence". <u>Zafiro v United States</u>, 506 U.S. 534 (1993). Such a risk can occur when evidence

that the jury should not consider against a defendant, and that would not be admissible if a defendant were tried alone, is admitted by the co-defendant or in the case against the co-defendant.  It is the defendant's Matos,  position that such is the case at hand.

The co-defendant, Diaz shall seek to introduce into evidence the facts and circumstances of the hand to hand sale to the confidential informant by Matos.  Said evidence would not be admissible against Matos if he were tried separately from Diaz.   The information would not be admitted in a trial against Matos because Matos would be denied his 6th Amendment right to confront the confidential informant.  Matos has a right to the name and address of any material witness to a crime and because the government has refused to disclosed the name of the confidential informant and will not call the informant as a witness, Matos is not able to challenge or confront the fact that any such hand to hand sale took place.

By seeking to introduce into evidence the facts and circumstances of the sale to the confidential informant Diaz will attempt to implicate Matos as the party in possession of any and all drugs seized from the automobile on February 28, 2004.  Diaz will try to exculpate himself by claiming that the sale to the confidential informant is  evidence that the defendant Matos was a dealer and that Diaz was only present in a vehicle where the cocaine was found in a secret compartment.  Matos would argue that Diaz, who was the operator of the automobile on February 28, 2004, was the one in control of the drugs.  If the jury accepts the fact that there was in fact a drug transaction in which Matos sold drugs, then Matos defense that he is innocent of drug dealing would weaken his argument that the drugs in the vehicle belonged to Diaz. Matos would not be able to challenge the existence of said sale because he has no ability to confront the confidential informant.  Matos is faced with a defense antagonistic to Diaz.

In *United States v Crawford*, 581 F.2d 489 (5th Cir.1978) the Appeals Court reversed a conviction for failure to sever due to antagonistic defenses.  In Crawford each defendant in a prosecution for illegal possession of an unregistered sawed-off shotgun denied ownership of the firearm and claimed that the other defendant owned it.  The Court noted that the sole defense of each was the guilt of the other.  In *United States v Johnson*, 478 F.2cd 1129 (5th Cir.1973) a defendant in a counterfeiting suit asserted the defense that he was not present when the crime was committed.  His co-defendant admitted his own presence and testified that the defendant was there as well, apparently to bolster his defense that he was merely seeking to catch the defendant and a third person in a criminal act and that he thus lacked the requisite intent to defraud.  If the jury accepted the co-defendant's testimony that the defendant was at the scene of the crime, it necessarily had to reject the defendant's sole defense to the charges against him.

Because the defendant Matos cannot get a fair trial unless he is able to confront the confidential informant and because his defense is antagonistic to Diaz, the defendant, Matos requests that the trials be severed.

    Respectfully submitted,
    Jonathan Matos
    By his Attorney,

    /s/ John E. DeVito
    John E. DeVito, Esquire
    20 Eastbrook Road Suite 304
    Dedham, MA   02026
    (781) 326-1818

Dated:          March 23, 2006    BBO # 122420