UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JONATHAN MATOS and )<br>RAMON DIAZ )<br>)<br>) | Criminal No. 04-10237-NG |

## GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE BIFURCATION

The United States of America, by and through its attorney, the United States Attorney for the District of Massachusetts, hereby submits its Motion *in Limine* to Preclude Bifurcation of the felon element of the charged count of felon in possession. As the basis for its position, the government submits that the First Circuit has held that bifurcation is not allowed in these circumstances.

Defendant Diaz ("Diaz") has requested that the Court bifurcate the element of the felon in possession charge pertaining to his prior conviction from the rest of the elements of the charge. Diaz suggests that the jury should first decide whether the government has proven possession of the firearm without evidence of his prior conviction. If the jury were to find that Diaz was in possession of the firearm, then, Diaz suggests, the government could produce its evidence regarding Diaz's prior conviction.

In United States v. Collamore, 868 F.2d 24 (1st Cir. 1989), the First Circuit held that, absent an agreement between the parties, a Court may not bifurcate the possession element of the felon in possession statute from the element pertaining to the defendant's prior conviction. In Collamore, the district court granted bifurcation because it was concerned that the "jury would be prejudiced on the 'very close factual question' of possession by the nature of the introduction

of Collamore's prior conviction." Id. at 27. In response, the First Circuit noted that it was "unusual, to say the least, to split the elements of crime into two parts for purposes of trial" and held that the charge could not be bifurcated. Id.

The First Circuit further commented that the dearth of cases in this area was because bifurcation would result in serious problems. Id. At 28. Where possession of a firearm by most people is not a crime, jurors would be left to wonder why the defendant was charged. Id. That doubt may unfairly influence the jury when it considered the possession element. Id.

This concern was reiterated most recently by the Second Circuit in United States v. Amar Amante, 418 F.3d 220 (2d. Cir. 2005). In Amante, the district court ordered bifurcation in a felon in possession case indicating that the prior-felony element "was of such a 'dynamite character' that it could 'prevent the jury from fairly evaluating the other two aspects.'" Id. at 222. In finding that where the "government agrees to stipulate the fact of the prior conviction without going into its underlying nature" there can be "no unfair prejudice justifying bifurcation." Id. at 224. Furthermore, the Court noted the confusion jurors would face if they were required to deliberate on facts that "they most likely would not consider to be a crime." Id.

Here, the government has agreed to stipulate[1] to Diaz's prior conviction without offering evidence of its nature. By denying Diaz's request for bifurcation, the Court avoids confusing the jury and the defendant suffers no unfair prejudice. Id. See also United States v. Jacobs, 44 F.3d 1219 (3rd Cir. 1995) (defendant not entitled to bifurcation of element of possession from element

---

[1] In United States v. Tavares, 21 F.3d 1 (1st Cir. 1994) the *en banc* panel held that the government was required to accept the stipulation offered by the defendant and could not introduce additional evidence regarding the nature of the prior felony absent special circumstances justifying admission of such evidence.

2

of prior conviction so that jury could determine possession before hearing of defendant's prior conviction); United States v. Barker, 1 F.3d 957 (9th Cir. 1993) (same); United States v. Manghum, 100 F.3d 164 (D.C. Cir. 1996) (same); United States v. Chevere, 368 F.3d 120 (2d. Cir. 2004)("in a prosecution under § 922(g)(1), there are no circumstances in which a district court may remove the element of a prior felony conviction entirely from the jury's consideration by accepting a defendant's stipulation to that element.")

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Kimberly P. West
       KIMBERLY P. WEST
       Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

        /s/ Kimberly P. West
        Kimberly P. West
        Assistant U.S. Attorney

Dated: May 3, 2006