UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 04-10237-NG |
| v. ) | |
| ) | |
| JONATHAN MATOS and ) | |
| RAMON DIAZ ) | |
| ) | |
| ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT MATOS' MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO CONTROLLED BUY**

The United States of America, by and through its attorney, the United States Attorney for the District of Massachusetts, hereby submits its Response to Defendant Matos' Motion *in Limine* to Preclude Reference to Controlled Buy. Defendant Matos ("Matos") has requested that the Court exclude from trial any reference to any dealings made by the confidential informant ("CI") with either defendant and any statements made to the police by the CI. Matos relies on his right to confront witnesses as the basis for his position.

The government does not intend to solicit testimony from the CI in its case in chief and has not disclosed the CI's identity. However, the government does intend to solicit testimony from Officer Shain Ramos ("Ramos") and other officers regarding activity Ramos and the officers observed during the week of January 4, 2004. The officers would testify that on that occasion, Matos was observed exiting his home, entering a car and proceeding to certain locations. Ramos would testify that at approximately the same time, Ramos searched the CI and the CI had neither contraband nor money on its person. Ramos observed the CI make a telephone call and speak. Ramos gave the CI money and then, ultimately, observed the CI get into Matos' car for a very brief period of time. The CI exited the car, met with Ramos and gave

Ramos a small quantity of cocaine. Ramos will not testify to any statements made by the CI regarding the incident.[1]

The government's anticipated evidence does not violate Matos' right to confront the CI. Indeed, the government will not solicit any statements made by the CI to the officers.

The defendants have not moved for disclosure of the CI's identity and have made no showing that the CI is a material witness. In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court held that where the CI was "alone and unobserved during the crucial occurrence for which [the defendant] was indicted" then the government should have disclosed his identity. Id. at 64. In Roviaro, the CI was the sole participant in the transaction charged and was "the only witness in a position to amplify or contradict the testimony of the government witnesses." Id.

In contrast, the controlled buy here is not the subject of its own charge and is offered as relevant to the conspiracy count and the possession with intent to distribute count alleged on February 26, 2004. See United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1983) (no disclosure required because defendant not charged in relation to controlled sale to informant, informant not participant in conspiracy or possession offenses, and informant not present at defendant's arrest); United States v. Moralez, 917 F.2d 18, 19 (10th Cir. 1990) (no disclosure

---

[1] On February 26, 2004, the CI called Ramos and indicated that earlier in the day the CI had purchased narcotics from Matos out of the green Mazda. As a result of the telephone call, Ramos and other officers set up surveillance of Matos and the co-defendant, Ramon Diaz, as the two entered the green Mazda and proceeded to Rhode Island later that same evening. The government anticipates eliciting testimony from Ramos that as a result of a telephone call, he instructed officers to find Matos and Diaz that evening. The government will not solicit the statements made by the CI in that call, but will offer the fact of the call to show the jurors why the officers conducted surveillance on the defendants that night.

required because informant not present during commission of offense and could not produce any exculpatory evidence.) Ramos may be cross-examined about his observations of the CI, his search of the CI's person before the CI entered the car, and his observations during the interaction between the CI and Matos.

Unless the defendants make a showing in regard to the materiality of the CI's identity, per Roviaro, the government will not disclose the CI's identity and request that this Court allow evidence of the controlled buy to be admitted at trial.

           Respectfully submitted,

           MICHAEL J. SULLIVAN
           United States Attorney

By:   /s/ Kimberly P. West
      KIMBERLY P. WEST
      Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

           /s/ Kimberly P. West
           Kimberly P. West
           Assistant U.S. Attorney

Dated: May 4, 2006