# United States District Court
# District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Action |
| ) | No. 04-10237-NG |
| v. ) | |
| ) | |
| JONATHAN MATOS, ) | |
| Defendant, ) | |

# Defendant Matos Proposed Voir Dire Questions

      The defendant, JONATHAN MATOS, in the above-entitled criminal matter, through counsel, John E. DeVito, respectfully requests that the Court ask the following questions as part of the jury voir dire in this case

      Defendant notes particularly that the questions submitted here are designed to elicit from those jurors their beliefs that they could not sit as fair and impartial jurors at the trial in the above case. The defendant appreciates that this court shall conduct an individual voir dire of each prospective petit juror.

**A.**    **BACKGROUND QUESTIONS**

1. Each of you should state:
   - (a) your name
   - (b) where you live
   - (c) your marital status (whether married, single, widowed or divorced)
   - (d) your occupation, if retired, your previous occupation
   - (e) your spouse's (former spouse's) occupation, (if retired, his/her previous occupation
   - (f) the ages and occupations of your children

2. Have you ever served in the United States military? If so:
   - (a) what branch?
   - (b) when?

3. Are you, or have you been employed by any governmental entity?

4. If yes, what entity?

5. What position, title or capacity did you hold?

6. How long did you work there?

7. When did you leave?

8. Are members of your family, or have they ever been employed by any governmental entity?

9. If yes, what entity?

10. What position, title or capacity did he/she hold?

11. How long did he/she work there?

12. When did he/she leave?

13. Do you, or do any members of your family or friends know the Honorable Nancy Gertner, the presiding judge in this case?

14. Do you, or do any members of your family or friends know the Assistant United States Attorney Kimberly West, who will be prosecuting this case?

15. Do you, or do any members of your family or friends know the defense attorneys, John E. DeVito and Raymond O'Hara?

16. Do you know or recognize any other prospective jury panelist in the courtroom? If so, what is the basis of the relationship? Would such a relationship or acquaintance influence your judgment in this case?

17. Have you read, seen or heard anything about any aspect of this case from any source whatsoever? If yes, please describe what you may have learned about this case.

18. Do any of you have any physical or medical problems that might make jury service difficult?

19. Are you, any member of your family, or any close friends lawyers, law students or paralegals?

20. Is there any reason at all that you can think of that would make it difficult in any way for you to serve as a juror in this case, or that makes you reluctant to serve?

B. **DEFENDANT TESTIMONY**

1. Jonathan Matos has already pled not guilty. How many of you feel that you would like to hear his side of the story?

2. On a scale of 1–10, 10 being the strongest, how strongly do you feel about needing the defendant to testify?

3. What are your thoughts about whether or not a defendant should testify?

**C.    INNOCENT ACCUSED**

1. How many of you have ever heard of a person being accused of a crime or punished for a crime when he/she was innocent?

2. Have you ever been accused of something you did not do?

**D.    LAW ENFORCEMENT**

1. Have you ever applied for a job with or worked for a law enforcement agency, or in the security field?  U.S. v. Dellinger, 472 F.2d 340 (7th Cir. 1972).

2. Do you have any relatives or friends who have applied with or work in law enforcement? U.S. v. Delllinger, 472 F.2d at 340.

3. Would any of you tend to give any greater weight or credibility, no matter how slight, to the testimony of a federal agent or prosecution witness merely because they are employees of, or are testifying on behalf of the Government?  U.S. v. Baldwin, 607 F.2d 1295 (9th Cir. 1979).

4.. If the testimony of a non-law enforcement witness conflicted with the testimony of a law enforcement witness, would you believe the law enforcement agent's version because he was a law enforcement agent?

5. Are any of you, your family members or friends employed by the federal government, including the United States Attorney's Office?  U.S. v. Segal, 534 F.2d 578 (3d Cir. 1976).

**E.    LEGAL PRINCIPLES**

1. As the court shows the jurors the indictment, do you understand that an indictment is only a piece of paper which notifies the defendant that he is being charged with a crime?  U.S. v. Glaziou, 402 F.2d 9 (2d Cir. 1968)?

2. Do you understand that an indictment is not evidence that the crime charged was committed and may not be considered as evidence by you in deliberations?  U.S. v. Glaziou, 402 F.2d 8 (2d Cir. 1968).

3. Do you understand that the defendant entered a plea of not guilty and is innocent until proven otherwise? Taylor v. Kentucky, 436 U.S. 478 (1978).

4. Do you have any difficulty presuming the defendant innocent now? U.S. v. Hill, 738 F.2de 152 (6th Cir. 1984).

5. In cases involving criminal accusations, the law states that the defendant is presumed innocent unless the government proves the defendant guilty beyond a reasonable doubt. Do you agree? U.S. v. Hill, 738 F.2d 152 (6th Cir. 1984).

6. If the government fails to meet that burden, do you understand that you must find the defendant not guilty?

7. Do you realize that the burden of proof is greater for a criminal case than for a civil case?

8. In criminal cases the defendant and his lawyers do not have to prove anything. The defendant does not have to testify, and nothing can be inferred from him not testifying? Do you think the law concerning the burden of proof should be changed to require the defendant to prove his/her innocence? Grijjin v. California, 380 U.S. 609 (1965); Eberhardt v. Bordenkircher, 605 F.2d 275 (6th Cir. 1979).

9. In a criminal case, a defendant is not required to explain his or her side of the case since the burden of proof does, in fact, rest with the prosecution. Do you understand this? How do you feel about the legal principal?

10.. If Mr. Matos takes the witness stand to testify, will you give his testimony as to his knowledge and belief a fair consideration as to its correctness and reasonableness? If no, why not?

11. If Mr. Matos decided not to testify, would any of you hold this against him? In other words, would Mr. Matos's decision not to take the witness stand prejudice you in any way against him?

12. If after you heard the evidence, you were not convinced but you thought the evidence showed the defendant may possibly be guilty, would you nevertheless be able to return a verdict of not guilty in this case?

13. If you have the feeling or suspect that certain facts exist but these facts have not been proven beyond a reasonable doubt, would you be able to disregard those feelings or suspicions and decide this case solely on the evidence or lack of evidence?

14. Do you realize that you are the sole and exclusive judges of the facts and are to judge this case solely on the evidence before you and not allow the fear of later criticism to affect your verdict?

14. Would any of you change your verdict if a majority of the other jurors believed that the defendant was guilty and you were in the minority believing there was a reasonable doubt?

15. If eleven other jurors held a view opposite to your own, would you change your vote simply to get the matter over with?

16. Would the fact that you were in the minority influence your vote at all?

17. Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case? If there is, it is now your duty to disclose this.

F. **PRIOR EXPERIENCE WITH THE JUSTICE SYSTEM**

1. Have you previously served on a jury, civil or criminal? U.S. v. Mutchler, 559 F.2d 955 (5th Cir. 1977). If so:
    (a) when?
    (b) what type of case?
    (c) did you reach a verdict?

2. Have any of you ever served on a federal or state grand jury? If so:
    (a) when and where?

3. Have any of you, any members of your family, or close personal friends ever been a party to, or testified in, a civil or criminal trial or before a grand jury? If so, please explain.

4. Have you or any member of your family or any of your close friends ever been the victim of a crime?
    (a) If so, state the nature of the crime and the year of the crime.
    (b) Was the crime solved?
    (c) What loss or injury was sustained?

5. Have you or any member of your family or any of your close friends ever been a witness in a criminal case?

6. Is there anything about your past jury experience that would make you reluctant to serve in this case?

**G.     INTENT TO DISTRIBUTE:**

1. Mr. Matos is charged in one Indictment with possess with intent to distribute cocaine. Is there anything about the nature of this charge that would make it difficult for you to serve as a juror?

2. Do any of you have such strong feelings about cocaine, specifically, or illegal drugs, in general, that it would be difficult for you to be a fair juror in this case?

3. Have any of you, your family members or close friends had any experiences with drugs or drug use that would make it difficult for you to be a fair juror in this case?

4. Are any of you members of organizations such as AA, NA, Mothers Against Drunk Driving, etc?

5. There may be evidence that Mr. Matos knows the other defendant in this matter, Ramon Diaz. Would any of you have difficulty accepting the proposition that Mr. Matos cannot be found guilty of possession with the intent to distribute on the basis of a mere association with or mere acquaintance with the other defendant or other individuals who might not be charged by the government?

6. Can you accept the fact that mere presence at the scene of a crime is not a violation of law? Can you accept the fact that if someone is in the wrong place at the wrong time it does not mean he is guilty of a crime?

7. Will you be able to separate throughout the trial whether the evidence you are hearing relates specifically to Mr. Matos and, if it does not, can you assure me that you will not consider it or allow it to influence your deliberations in determining whether the government has satisfied its burden as to him?

9. Have any of you ever sat as a juror – either as a member of a grand jury or a petit jury – in a case involving drugs?

10. Do any of you believe or suspect that if someone is charged with a violation of the law that they are probably guilty?

11. Do any of you believe that if someone is charged with a violation of the drug laws that they are probably guilty?

12. Do any of you believe that the courts in this country are too lenient in criminal cases?

13. Are any of you members of a neighborhood crime watch or other organization dealing with criminal control issues?

14. Have any of you publicly stated your opinion on the drug laws in a letter to the editor, public meeting, or other local forum?

15. Have any of you publicly stated your opinion on whether the court system is too harsh or too lenient in general or, specifically, in drug cases?

16. Have any of you publicly stated your opinion that people charged with crime are given to many rights?

17. Do any of you believe that people charged with crime are given too many rights in our system of criminal justice?

18. The accused, under law, is presumed to be innocent and the burden is entirely on the government to prove guilty beyond a reasonable doubt. Is there any member of the panel who would be unable to follow the Court's instructions in this regard?

19. In order to obtain a conviction, the government has to prove Mr. Matos guilty of intent to distribute cocaine beyond a reasonable doubt. Mr. Matos does not have to prove himself innocent. Would any member of the panel, if chosen to serve on the jury, require that Mr. Matos affirmatively show his innocence before you would be willing to find him not guilty?

20. Have you formed any opinion as to the guilt or innocence of the accused? If yes, what is that opinion and why do you hold it?

21. Have you formed any opinion as to the merits of this case? If yes, what is the nature of your opinion, why do you hold it and where did you gain your information regarding the merits of this case?

H. **FIREARMS:**

1. Jonathan Matos is charged in this case with possession of a firearm. Is there anything about the nature of that charge that would make it difficult for you to serve as a juror?

2. Do any of you have such strong feelings or beliefs about firearms that it would be difficult for you to be a fair juror in this case?

3. Have any of you ever sat as a juror -- either as a member of a grand jury or a petit jury -- in a case involving firearms?

4. Do you believe that if someone is charged with illegally carrying a firearm, they are probably guilty?

5. Have you publicly stated your opinion on whether the courts are too harsh or lenient in firearm cases?

6. Is any member of the panel friendly with, acquainted with or related to anyone employed by the Office of the United States Attorney; Bureau of Alcohol, Tobacco and Firearms (A.T.F.); the New Bedford Police Department; or any other federal, state or municipal law enforcement agency?

                                    Respectfully submitted,
                                    Jonathan Matos
                                    By his Attorney,

                                    /s/ John E. DeVito
                                    John E. DeVito, Esquire
                                    20 Eastbrook Road Suite 304
                                    Dedham, MA   02026
                                    781-326-1818
Date:     May 5, 2006                   BBO # 122420