UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.

RAMON DIAZ

CRIMINAL ACTION NO. 04-10237-NG

**MOTION IN OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE BIFURCATION**

In this case Mr. Diaz was operating a car that was owned by a third party that was stopped and searched by members of the New Bedford police. The police eventually located a hidden compartment that contained narcotics and a gun. It is expected that the government will present testimony indicating that the front seat passenger in the car, Jonathan Matos, was the putative owner of the car.

Mr. Diaz and Mr. Matos were both indicted for Conspiracy to Possess Cocaine with Intent to Distribute, Possession of Cocaine with Intent to Distribute and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Mr. Diaz was indicted with a separate count of Possession of a Firearm and Ammunition by a Convicted Felon.

During a status conference on this case on April 27, 2006, the Court indicated that it would keep from the jury's knowledge evidence that Mr. Diaz had been previously convicted of a felony.

1

During the impanelment of the jury in this case, the prospective jurors were not told the specific nature of the charges against either defendant and were not questioned about whether knowledge of Mr. Diaz status as a convicted felon would affect their ability to remain impartial when determining his guilt or innocence on the substantive charges.

In its Motion to Preclude Bifurcation and its opposition to the Court's intention to keep from evidence the fact of Mr. Diaz status as a convicted felon, the government cites *United States v. Collamore,* 868 F.2d 24 (1st Cir. 1989) and refers to *United States v. Tavarez*, 21 F. 33d 1 (1st Cir. 1994). The government also relies on *United States v. Amante*, 418 F. 3d 220 (2d Cir. 2005)

Those cases and decisions can be distinguished from the case at bar.  The issue to be decided here places the Court within the conflicting interests of a defendant who wishes to avoid the undue prejudice that attaches to his previous conviction of a crime punishable by a year or more in jail, (as codified in Federal Rule of Evidence 703) and the government, which seeks to present to the jury proof of all the elements of the crime charged (as Codified in by 18 USSC § 922(g)(1).

*Amante* and *Collamore*, *infra*, were cases that involved a single court of felon in possession of a firearm.  Here, Mr. Diaz is accused of four offenses, all of which contain one a key element: possession.  The two narcotics counts can not be separated factually from the firearm counts, because all the contraband was found together, in the same small compartment.  Also, there can be no possibility here that the jury will be confused, as the government contends, into believing that Mr. Diaz was somehow lawfully in possession of the firearm in question. They will know that knowingly possessing a firearm in the furtherance of a drug trafficking crime is a criminal offense under 21 USSC §841(a)(1).  *Cf*. *Collamore*, *infra*, at 28.

The Supreme Court in <u>Old Chief v. United States</u>, 519 US 172, 117 S.Ct. 644 (1997) commented on the conflict between Federal Rule of Evidence 703 and the elements of 18 USCS §922(g)(1):

> "....that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story has, however, virtually no application when the point at issue is a **defendant's legal status**, dependent on some judgment rendered wholly independently of the concrete events of later criminal conduct..."
>
> <u>id</u>. at 117. S.Ct. 645 655
> (emphasis added)

The facts of this case place Mr. Diaz in an "all or nothing" situation. Either he knowingly possessed all the contraband and is guilty of all the offenses, or he did not knowingly possess anything and is not guilty of all charges. The issue on possession is close, based purely on circumstantial evidence. Presenting to the jury the fact that he had been previous convicted of a felony has no probative value on whether he knowingly possessed anything found hidden in someone else's car. Its prejudicial effect has been acknowledged in and is well documented:

> "The risk that a jury will convict for crimes other than those charged---or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment---creates a prejudicial effect."
>
> <u>Id</u>. at 588 citing <u>United States v. Moccia</u> 681 F.2d 61, 63 (1st Cir. 1982)

Given the facts of this case, and the elements in common between the two distinct firearm counts pending against Mr. Diaz, it is hard to discern how the government will be prejudiced if no evidence is presented during its case-in-chief regarding Mr. Diaz's status as a convicted felon.

3

The Court should fashion a remedy so that the jury is not presented with evidence of his status as a previously convicted felon until after they decide whether he knowingly possessed any of the contraband found secreted within the car. See also, *United States v. Orena*, 811 F.Supp. 819 (US Dist. Ct. For Eastern District of NY, 1992)

        Ramón Díaz,
By His Attorney

Raymond A. O'Hara
1 Exchange Place
Worcester, MA 01608
MA Bar 546366
508 832-7551

This document was created with Win2PDF available at http://www.win2pdf.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.
This page will not be added after purchasing Win2PDF.