UNITED STATES FEDERAL DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

**CRIMINAL ACTION
NO. 04-10237-NG**

UNITED STATES OF AMERICA

v.

RAMON DIAZ

**PROPOSED JURY QUESTIONS**

NOW COMES the Defendants in the above-numbered complaint and request that this Court instruct the jury on the law governing this case through the attached proposed jury instructions, in addition to the pattern instructions governing a case of this nature as approved by the United States District Court for the District of Massachusetts.

The defendants, through their attorneys, respectfully reserve the right to amend, augment or delete these proposed instructions until the close of all evidence in this case.

**1. Presumption of Innocence; Proof Beyond a Reasonable Doubt**

It is a cardinal principle of our system of justice that every person

accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendants before you, Jonathan Matos and Ramon Diaz, have the benefit of that presumption throughout the trial, and you are not to convict them of a particular charge unless you are persuaded of their guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Ramon Diaz and Jonathan Matos are guilty of the crimes with which they are charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Mr. Matos or to Mr. Diaz. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Mr. Diaz and Mr. Matos have the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the guilt of either Mr.Matos or Mr. Diaz of a particular crime, it is your duty to acquit him of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the guilt of Mr. Diaz or Mr. Matos of a particular crime, you should vote to convict him.

**2.  Mental State that is Inconsistent with the Requisite Culpable State of Mind**

Evidence has been presented that Mr. Diaz did not have knowledge that there were drugs and a gun hidden inside the car he was driving when he was arrested. Such ignorance may be inconsistent with the requirement that he knowingly possessed the drugs and the gun. If after considering Mr. Diaz' lack of knowledge, together with all the other evidence, you have a reasonable doubt that Mr. Diaz acted knowingly and willfully, then you must find Mr. Diaz not guilty. See <u>United States v. Batista</u> 834 F. 2d 1, at 9 (1st Cir. 1987)

Similarly, evidence has been presented that Mr. Matos did not know that there were drugs and a gun hidden inside the car in which he was a passenger when he was arrested. Such ignorance may be inconsistent with the requirement that he knowingly possessed the drugs and the gun. If after considering Mr. Matos' lack of knowledge, together with all the other evidence, you have a reasonable doubt that Mr. Matos acted knowingly and willfully, then you must find Mr. Matos not guilty. See <u>United States v. Batista</u> 834 F. 2d 1, at 9 (1st Cir. 1987)

**3. Mere presence at the scene of a crime**

You heard testimony in this case that Mr. Diaz and Mr. Matos were present in a car that contained illegal narcotics and a gun. Mere presence at the scene of a crime or mere association with a co-conspirator is not enough to establish guilt. <u>United States v. Llinas</u>, 373 F. 3d 26 (1st Cir. 2004) citing <u>United States v. Gomez Pabon</u>, 911 F.2d 847 at 853 (1st Cir. 1990)

**4. Jury Instruction: Stipulation that Mr. Diaz had previously been convicted of a crime punishable by a year or more in jail**

There are certain people who, because of their age or status, are

not permitted to possess firearms. In this case the lawyers have agreed or stipulated that Mr. Diaz has previously been convicted of a crime with a possible punishment of one year or more in jail. Because of this infraction in his past, Mr. Diaz would not lawfully be allowed to possess a firearm. You may not speculate or guess about what crime he may have committed in the past. Or what his punishment may have been. Or how long ago he may have been convicted of a crime. The fact that he has been convicted of a crime in the past merely places him in the category of those people who are not allowed to own or possess firearms. His status is not conclusive proof of any other element of any crime of which he has been accused. You may find him guilty only if, after considering all of the evidence, you are convinced beyond a reasonable doubt that his conduct satisfies all of the elements of all of the crimes of which he has been accused. Old Chief v. United States, 519 U.S. 172 , 117 S. Ct. 644 (1997); United States v. Tavares, 21 F. 3rd 1 (1st Cir. 1994).

### 5.  Felon in Possession as it Applies to Jonathan Matos

That the parties have stipulated that Mr. Diaz in the past was convicted of a crime punishable by one year or more in prison can not in any way be held against Jonathan Matos.  You can not consider that fact in your deliberation process as to the indictments against Mr. Matos

### 6. Possession With Intent to Distribute a Controlled Substance, 21 U.S.C. § 841 (a) (1)

Ramon Diaz and Jonathan Matos are accused of possessing cocaine on or about December 4, 2003 through February 26, 2004, intending to distribute it to someone else. It is against federal law to have

cocaine in your possession with the intention of distributing it to someone else. For you to find Mr. Diaz or Mr. Matos guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

<u>First</u>, that Mr. Diaz or Mr. Matos on any of those dates, possessed cocaine, either actually or constructively;

<u>Second</u>, that they did so with a specific intent to distribute the cocaine over which they had actual or constructive possession; and

<u>Third</u>, that they did so knowingly and intentionally.

It is not necessary for you to be convinced that either Mr. Matos or Mr. Diaz actually delivered the cocaine to someone else, or that they made any money out of any transaction. It is enough for the government to prove, beyond a reasonable doubt, that both me had in their possession what each man knew was cocaine and that each man intended to transfer it or some of it to someone else.

A person's intent may be inferred from the surrounding circumstances. Intent to distribute may, for example, be inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that either Mr. Diaz or Mr. Matos possessed a quantity of cocaine more than that which would be needed for personal use, then you may infer that the defendant intended to distribute cocaine. The law does not require you to draw such an inference, but you may draw it.

The term possess means to exercise authority, dominion or control over something. The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his/her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise

control over something is in constructive possession of it. Whenever I use the term possession in these instructions, I mean actual as well as constructive possession.

Possession also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word possession in these instructions, I mean joint as well as sole possession.

**7.  Conspiracy, 18 U.S.C. § 371; 21 U.S.C. § 846**

Ramon Diaz and Jonathan Matos are accused of conspiring to commit a federal crime- specifically, the crime of possession of cocaine with intent to distribute. It is against federal law to conspire with someone to commit this crime. For you to find Jonathan Matos or Ramon Diaz guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to possess with intent to distribute cocaine;
> and Second, that Ramon Diaz willfully joined in that agreement; [and
> Third, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.]

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among

various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors. To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed-that is to say, with bad purpose, either to disobey or disregard the law-not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before [defendant] can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that Mr. Diaz or Mr. Matos willfully joined in the agreement must be based upon evidence of their own words and/or actions. You need not find that either Mr. Matos or Mr. Diaz agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that either of them participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that both Mr. Diaz and Mr. Matos knew the essential features and general aims of the venture. Even if either Mr. Diaz or Mr. Matos were not part of the agreement at the very start, they can be found guilty of conspiracy if the government proves that they willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

  An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to

prove that [defendant] personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy. The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

**8. Knowledge**

The government must prove beyond a reasonable doubt that each defendant in this case, that is, Mr. Diaz and Mr. Matos, knew that they possessed cocaine at the time of their arrest. <u>United States v. Hussein</u>, 351 F.3rd 9 at 17 (1st Cir. 2003)


**9.  Possessing a Firearm in Furtherance of  Drug Trafficking**

Jonathan Matos and Ramon Diaz are accused of possessing a firearm in furtherance of drug trafficking.  It is against the law to possess a firearm in furtherance of drug trafficking.  For you to find the defendants guilty of this crime, you must be satisfied that the government has proven each of the following things:

> First, that Mr . Diaz and Mr. Matos committed the crime of possession of cocaine with intent to distribute, or conspiracy to possess cocaine with intent to distribute;
> Second, that Mr. Matos and Mr. Diaz knowingly possessed a firearm in furtherance of the commission of those crimes.

The word "knowingly" means that an act was done voluntarily and intentionally, not because of  mistake or accident.

To carry a firearm during and in relation to a crime means to move or transport the firearm on one's person or in a vehicle or container during and in relation to the crime. It need not be immediately accessible.

A defendant's possession of a firearm is in furtherance of a crime if the firearm possession made the commission of the underlying crime easier, safer or faster, or in any other way helped the defendants commit the crime.

There must be some connection between the firearm and the underlying crime, but the firearm need not have been actively used during the crime.

          Respectfully submitted,
          Ramon Diaz
          By his attorney,

DATED: _____

_____
//s//Raymond A. O'Hara
1 Exchange Place
Worcester, MA 01608
Tel. 508 831-7551
BBO# 546366

Jonathan Matos
By his attorney

_____
//s//John E. Devito
20 Eastbrook Road
Dedham, MA 02026
Tel 781 326-1818
BBO#122420

CERTIFICATE OF SERVICE

      We, Raymond A. O'Hara and John E. DeVito, hereby certify that we electronically filed a copy of the enclosed Defendants' PROPOSED JURY QUESTIONS to: United States District Court for the District of Massachusetts.

Dated: May 26, 2006                  /s/ Raymond A. O'Hara  
                                               Raymond A. O'Hara, Esq.

                                               /s/ John E. DeVito  
                                               John E. DeVito

This document was created with Win2PDF available at http://www.win2pdf.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.
This page will not be added after purchasing Win2PDF.