# United States District Court
# District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Action |
| ) | No. 04-10237-NG |
| v. ) | |
| ) | |
| JONATHAN MATOS, ) | |
| DEFENDANT, ) | |

## Jury Instructions

**CONSPIRACY**

The defendant is charged in the indictment with conspiring to Possess Cocaine with Intent to Distribute in violation of Section 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about 12/04/03, and ending on or about 02/26/04, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it and;

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime

which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

### FIREARMS—AMMUNITION UNLAWFUL POSSESSION (18 U.S.C. § 922(g))

The defendant is charged in the indictment with the possession of a firearm and ammunition in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm and/or ammunition;
Second, the firearm and/or ammunition had been shipped or transported from one state to another and from a foreign nation to the United States.

### CONTROLLED SUBSTANCE— POSSESSION WITH INTENT TO DISTRIBUTE (21 U.S.C. § 841(a)(1))

Possession of a controlled substance with intent to distribute requires the jury to find that the defendant (1) knowingly possessed drugs and (2) possessed them with the intent to deliver them to another person.

### MERE PRESENCE

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of possession with the intent to distribute cocaine or possession of a firearm. Unless you find that the defendant was a participant, knew of the existence of the cocaine and/or of the firearm and not merely a knowing spectator or simply present he must be acquitted

### Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Jonathan Matos, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of [his/her] guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Jonathan Matos is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Mr. Matos. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Mr. Matos has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Mr. Matos's guilt of a particular crime, you should vote to convict him

**CO-DEFENDANT'S ACQUITTAL**

You will notice that the Defendant Diaz is no longer in the Court room. You may not draw any inference from that fact. You may not speculate as to why he is no longer present.

The fact that Mr Diaz is no longer in the courtroom or part of this case does not change your responsibility in this case. You still must decide the evidence as it applies to Jonathan Matos. The burden does not change; Mr Matos is presumed innocent until and only until the Government has proven beyond a reasonable doubt that Mr Matos is guilty. If the Government does not meet that burden then you must find Mr Matos not guilty.

Jonathan Matos
By his Attorney,

John E. DeVito
20 Eastbrook Road
Suite 304
Dedham, MA 02026